MARY H. HAAS (State Bar No. 149770)
　maryhaas@dwt.com
JOHN D. FREED (State Bar No. 261518)
　jakefreed@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
　mattladew@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

JOSEPH VANLEUVEN (*admitted pro hac vice*)
　joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon  97205
Telephone:  (503) 778-5325
Fax:  (503) 701-0023

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVNEUE INVESETMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-JLT-SKO<br><br>**DECLARATION OF JOSEPH VANLEUVEN IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ORDER APPOINTING A TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Action Filed : September 18, 2024 |

I, Joseph VanLeuven, hereby declare:

1. I am a partner at the law firm Davis Wright Tremaine LLP, counsel of record for Plaintiff U.S. Bank National Association ("Plaintiff") in the above-captioned matter. I am licensed to practice law before the courts of the State of Oregon, the United States District Court for the District of Oregon, and the United States Court of Appeals for the Ninth Circuit. I have submitted an application for *pro hac vice* admission to appear before this Court.

2. I have personal knowledge of the facts stated herein and would competently testify thereto if called as a witness. I submit this Declaration in support of Plaintiff's *Ex Parte* Motion for an Order Appointing a Temporary Receiver, Temporary Restraining Order, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Motion").

3. Pursuant to Local Rule 232(a)-(b), the Court may appoint a temporary receiver on shortened notice "upon on appropriate showing of necessity and immediacy of potential harm."

4. Pursuant to Local Rule 231(a), the Court may issue a TRO upon appropriate notice to the Defendants that "inform[s] the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief requested. Once a specific time and location has been set by the Court, the moving party shall promptly give additional notice of the time and location of the hearing."

5. Pursuant to Section 1.C.4 of this Court's Standing Order in Civil Cases, each *ex parte* application requires a declaration stating: "(1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

**A TEMPORARY RECEIVER AND TRO ARE IMMEDIATELY NECESSARY**

6. Plaintiff cannot seek relief though a formal noticed motion filed pursuant to Local Rule 230. The requested relief must issue *ex parte* to prevent immediate and irreparable injury to Plaintiff. As attested to in the Declarations of Karen Boyer and Evan Blum submitted concurrently with the Motion, Defendant Touchstone Pistachio Company, LLC ("Touchstone") is seriously delinquent in payments on loans provided by Plaintiff. Touchstone is insolvent, and, for

all practical purposes, it is out of business. Its remaining assets are insufficient to secure its obligations to Plaintiff, who now faces immediate risk that its collateral will be further wasted by Defendants. The Boyer and Blum Declarations provide ample evidence that, absent an *ex parte* order, Defendants and Touchstone will continue to dissipate Touchstone's remaining assets to the immediate and irreparable detriment of Plaintiff.

## PLAINTIFF'S EFFORTS TO MEET AND CONFER AND STIPULATE

7.  Plaintiff, through its counsel, has made a good faith concerted effort to meet and confer with Defendants to reach a stipulation that sufficiently mitigates the immediate risk of harm Plaintiff faces. I have had several conversations with Defendants' counsel, David Hurst, to discuss Plaintiff's request that a receiver be appointed to manage, wind-down, and liquidate Defendant Touchstone Pistachio Company, LLC's business and assets for the benefit of Plaintiff and Touchstone's other creditors.

8.  Despite Plaintiff's efforts, Defendants would not agree to a stipulation that addressed Plaintiff's concerns and immediate risk of harm. Plaintiff has no option but to request *ex parte* relief from the Court by way of the Motion.

## PLAINTIFF PROVIDED APPROPRIATE NOTICE OF THE MOTION

9.  After Defendants rejected Plaintiff's efforts to meet and confer and reach an agreeable stipulation, I reached out to Defendants' counsel on September 20, 2024, in a final effort to secure a stipulation. Defendants again would not stipulate. I notified Defendants' counsel Plaintiff would file the Motion accordingly.

10. Defendants' counsel has indicated Defendants will file an opposition to the Motion.

///
///
///
///
///
///
///

11. Once the Court sets a specific time and location for the hearing on the Motion, I will promptly provide further notice to Defendants' counsel of the specific location and time set by the Court.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 20, 2024, at Portland, Oregon.

*/s/ Joe VanLeuven*
Joe VanLeuven