MCDERMOTT WILL & EMERY LLP
ROBERT BARTON (SBN 269455)
rbarton@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California  90067-3206
(310) 277-4110

MICHAEL S. NADEL (*pro hac vice* pending)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendants Touchstone Pistachio Company, LLC,
ACAP Farms, LLC, ACDF, LLC, Adams Grantor Land, LLC,
Assemi and Sons, Inc., Bear Flag Farms, LLC, C&A Farms,
LLC, Cantua Orchards, LLC, Cooper Avenue Investments,
LLC, Favier Ranch, LLC, FFGT Farms, LLC, Gradon Farms,
LLC, Grantland Farms, LLC, Granville Farms, LLC, Lincoln
Grantor Farms, LLC, Manning Avenue Pistachios, LLC,
Maricopa Orchards, LLC, Panoche Pistachios, LLC, Sageberry
Farms, LLC, Whitesbridge Farms, LLC, Willon Avenue
Investments, LLC, and Winston Farms, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC, et al.,<br><br>Defendants. | No. 1:24-cv-01105<br><br>**INTERIM RESPONSE TO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND TEMPORARY RESTRAINING ORDER** |

Defendants Touchstone Pistachio Company, LLC ("Touchstone") and ACAP Farms,

LLC, ACDF, LLC, Adams Grantor Land, LLC, Assemi and Sons, Inc., Bear Flag Farms,

LLC, C&A Farms, LLC, Cantua Orchards, LLC, Cooper Avenue Investments, LLC, Favier

Ranch, LLC, FFGT Farms, LLC, Gradon Farms, LLC, Grantland Farms, LLC, Granville

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Farms, LLC, Lincoln Grantor Farms, LLC, Manning Avenue Pistachios, LLC, Maricopa

2   Orchards, LLC, Panoche Pistachios, LLC, Sageberry Farms, LLC, Whitesbridge Farms,

3   LLC, Willon Avenue Investments, LLC, and Winston Farms, LLC (collectively the

4   "Maricopa Defendants") respectfully oppose the *ex parte* motion for the appointment of a

5   receiver and a temporary restraining order (ECF No. 16) filed by Plaintiff U.S. Bank

6   National Association ("U.S. Bank").

7       Touchstone and the Maricopa Defendants will respond more fulsomely, but given

8   the nature of the *ex parte* filing, we submit several reasons why the Court should deny the

9   *ex parte* motion.

10      1.    U.S. Bank and Touchstone are in the process of negotiating a Stipulation and

11  Proposed Order that would obviate the need for a contested proceeding at this stage.  We

12  believe the Stipulation and Proposed Order would likely be submitted by Friday, September

13  27, 2024.

14      2.    U.S. Bank's motion makes clear that there is no extreme urgency justifying *ex

15  parte* relief or a TRO.  And U.S. Bank cannot demonstrate—and does not even claim—that

16  it would suffer irreparable harm absent *emergency* relief.

17      U.S. Bank writes:  "If Touchstone is not sold soon, it will be forced to close its

18  doors, eliminating any going concern value it may have, to the material detriment of U.S.

19  Bank."  ECF No. 16 at 15.  Indeed, according to U.S. Bank, Touchstone is already out of

20  business.  *See* ECF No. 20 (Blum Declaration) ¶ 12 ("It is, for all practical purposes, out of

21  business ….").  Accordingly, U.S. Bank doesn't want a receiver to *run* Touchstone.  U.S.

22  Bank wants a receiver to *sell* Touchstone and use the proceeds to pay the debt allegedly

23  owed to U.S. Bank.  *See also* ECF No. 16 at 16 ("The Court should appoint a receiver to

24  manage, operate and wind-down the Touchstone business while facilitating the orderly sale

25  of assets.").  But that is no emergency.  U.S. Bank has no buyer.  U.S. Bank cannot quickly

26

RESPONSE TO EX PARTE MOTION

1  sell Touchstone, nor does U.S. Bank contend that it can do so.  Hearing U.S. Bank's motion

2  in the ordinary course pursuant to L.R. 230 will not prejudice U.S. Bank.

3       U.S. Bank asserts that "the collapse of Touchstone's business and its lack of

4  adequate assets poses an immediate risk that the inventory and accounts receivable will be

5  dissipated *by the time U.S. Bank prevails on its claims*."  ECF No. 16 at 17 (emphasis

6  added).  That is not the issue, however.  The issue is whether avoiding irreparable harm to

7  U.S. Bank requires *ex parte* relief and a TRO or whether receivership can be handled

8  through normal motions practice.  It may be years before U.S. Bank's claims are fully

9  adjudicated, but a motion noticed under the normal rules could be heard in 35 days.

10       As U.S. Bank acknowledges, "the Court may appoint a temporary receiver on

11  shortened notice 'upon [an] appropriate showing of necessity and immediacy of potential

12  harm.'"  ECF No. 19 ¶ 4 (quoting L.R. 232(b)).  U.S. Bank has shown neither the need for

13  *emergency* relief nor the *immediacy* of potential harm.  To the contrary, U.S. Bank's own

14  papers establish the opposite.  In her declaration, U.S. Bank Senior Vice President Karen

15  Boyer states:

16         If a received is not appointed (or a restrainer order issued
       preventing Touchstone from spending Plaintiff's cash collateral),

17         Plaintiff intends to send notices (the 'Direction Letters') to
       Touchstone's customers directing to pay all invoices directly to

18         Plaintiff, as allowed by the Credit Agreement and Section 9-
       607(a) of the UCC ….  That statute provides that if customer

19         receiving a Direction Letter pays Touchstone, it will remain
       liable to Plaintiff for the amount at issue.  In the course of my

20         career, I have learned that customers who receive such letters
       either suspend payment while they evaluate what to do, or pay

21         the secured lender.

22  ECF 17 ¶ 29.  In other words, U.S. Bank has a plan for if a receiver is not appointed, *and*

23  *U.S. Bank believes that plan will work.*  Touchstone is essentially out of money.  *Id.* ¶ 26.

24  And Karen Boyer states that Touchstone will not be receiving any more money.  Thus,

25  there is no cash to protect.

26

RESPONSE TO EX PARTE MOTION

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1   U.S. Bank has not established that *anything* that would happen in the next days or

2   weeks will harm it, let alone irreparably.  The questions implicated by U.S. Bank's motions

3   should be handled in the normal course.

4        3.     The undersigned counsel represent only Touchstone and the Maricopa

5   Defendants.  The other defendants—Ashlan & Hayes Investments, LLC, Assemi Brothers,

6   LLC, Farshid Assemi, Farid Assemi, Darius Assemi, Neema Assemi, Melissa Layne, Sonia

7   Rosemary Assemi, Ashlan & Hayes Investments, LLC—have not appeared and are not

8   represented in this case.  The TRO that U.S. Bank has requested appears to target them

9   specifically.  ECF No. 16 at 18 ("For an order directing Defendants and anyone in

10  possession of the Receivership Property to deliver possession of same to the receiver.").

11  An orderly proceeding under L.R. 230—including proper notice by U.S. Bank—would

12  provide the other Defendants with the opportunity to be heard.

13            *         *         *

14  For the reasons stated above, Touchstone and the Maricopa Defendants respectfully

15  request that the Court deny the *ex parte* motion or, at a minimum, refrain from granting it

16  while U.S. Bank and Touchstone finalize a Stipulation and Proposed Order.

17

18          Respectfully submitted,

19          MCDERMOTT WILL & EMERY LLP

20

21        By:  /s/ *Robert Barton*
           Robert Barton

22             Attorneys for Defendant Touchstone Pistachio
           Company, LLC and the Maricopa Defendants

23

24

25

26

RESPONSE TO EX PARTE MOTION

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing, including the following counsel for Plaintiff U.S. Bank National Association:

Mary H. Hass, Esq.
John D. Freed, Esq.
Matthew E. Ladew, Esq.
Davis Wright Tremaine LLP
865 South Figeroa Street, 24th Floor
Los Angeles, California 90017

Joseph VanLeuven, Esq.
Davis Wright Tremaine LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205

By:   /s/ *Robert Barton*
       Robert Barton

RESPONSE TO EX PARTE MOTION