JOHN D. FREED (State Bar No. 261518)
jakefreed@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
mattladew@dwt.com
MARK A. ANISHCHENKO (State Bar No. 340324)
markanishchenko@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

JOSEPH VANLEUVEN (*admitted pro hac vice*)
joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 778- 325

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL**<br><br>Action Filed: September 17, 2024 |

Plaintiff U.S. Bank National Association ("Plaintiff") and Receiver David Stapleton ("Receiver"; together with Plaintiff, the "Moving Parties"), by and through their respective undersigned counsel, hereby jointly bring this ex parte application (the "Application") for entry of a further order regarding the Receiver's authority to employ and compensate Receiver's Counsel.

In support of this Application, Plaintiff and Receiver rely upon paragraph 26 of the Court's Order Appointing Receiver (the "Receivership Order") [Dkt. 32], Section III of this Court's Standing Order in Civil Cases (the "Standing Order"), the Memorandum of Points and Authorities set forth below, the affidavit of David P. Stapleton (the "Stapleton Affidavit") attached hereto as **Exhibit 1**, the affidavit of Joseph R. Dunn (the "Dunn Affidavit") attached hereto as **Exhibit 2**, and the other files and records in this action.

In accordance with to Section I.C of the Standing Order, Plaintiff's counsel and Receiver's proposed counsel hereby certify that meet and confer efforts have been exhausted.  On September 28, 2024, the Court executed the Receivership Order appointing David Stapleton as a general receiver in the above-captioned matter. [Dkt. 32]  Thereafter, the Receiver concluded that the hourly rate cap for Receiver's Counsel set forth in paragraph 33 of the Receivership Order would prevent the Receiver from engaging his preferred counsel for this matter, Covington & Burling LLP ("Proposed Counsel").

On October 1, 2024, Proposed Counsel spoke by telephone with counsel for Plaintiff and counsel for defendant Touchstone Pistachio Company, LLC ("Touchstone" and, together with the Moving Parties, the "Parties") to discuss modifying the hourly rate cap in the Receivership Order to allow the Receiver to engage and compensate Proposed Counsel for work on this matter.  Dunn Aff. at ¶ 5.  On October 2, 2024, Touchstone's counsel confirmed by telephone that Touchstone was agreeable to the requested modification of the Rate Cap.  *Id.* at ¶ 6.  On October 9, 2024, Plaintiff's counsel confirmed by email to Proposed Counsel that Plaintiff was agreeable to the requested modification as well. *Id.* at ¶ 7.

Based on the Parties' verbal agreements, Proposed Counsel began performing services for the Receiver and prepared a stipulation to modify the Receivership Order accordingly, which stipulation was agreed to by Plaintiff's counsel on October 16, 2024 and sent to Touchstone's

counsel for review on October 18, 2024.  *Id.* at ¶¶ 8–9.  For several weeks, Plaintiff's counsel and Proposed Counsel attempted to obtain Touchstone's approval on the proposed stipulation.  *Id.* at ¶ 10.  Although Touchstone provided no objection to or comment on the proposed stipulation, on October 31, 2024, Touchstone's counsel finally informed Proposed Counsel that Touchstone was not in a position to enter into the stipulation.  *Id.* at ¶ 11.  When Proposed Counsel informed Touchstone's counsel that it would be bringing an application seeking the relief set forth in the stipulation, Touchstone's counsel confirmed that Touchstone "takes no position" with respect to the requested modification of the Receivership Order.  *Id.* at ¶ 11.

Prior to the filing of this Application, Proposed Counsel provided notice thereof to the courtroom deputy and Touchstone's counsel, in accordance with Section III of the Standing Order.  *Id.* at ¶¶ 11–12.  On information and belief, Touchstone will not oppose the Application.  *Id.* at ¶ 11.

DATED: November 7, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
Joseph M. VanLeuven
John D. Freed
Matthew E. Ladew
Mark A. Anishchenko

By:/s/ *John D. Freed*
    John D. Freed

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION

DATED: November 7, 2024

COVINGTON & BURLING LLP

By:/s/ *Joseph R. Dunn (as authorized on 11/7/2024)*
Joseph R. Dunn (State Bar No. 238069)
jdunn@cov.com
Julia Philips Roth (State Bar No. 324987)
jphilipsroth@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Proposed Counsel for Receiver
DAVID P. STAPLETON

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction**

The Receivership Order authorized the Receiver to, among other things, employ and compensate Receiver's Counsel, subject to certain conditions and procedures.[1]  *See*, *e.g.*, Receivership Order at ¶ 33.  Given the complexities of this receivership case, as described further below, the Receiver feels strongly that engaging qualified counsel is critical to preserving, managing, and maximizing the value of the Receivership Property in accordance with his duties. Thus, the Receiver seeks – and Plaintiff supports – limited modification of the authority set forth in the Receivership Order to allow the Receiver to engage and compensate Proposed Counsel. Specifically, as set forth herein, good cause exists for the Court to enter a further order on an ex parte basis to (i) adjust the maximum hourly rate for compensation of Receiver's Counsel, and (ii) otherwise clarify the Court's authorization for the Receiver to employ and compensate Receiver's Counsel.

**II.    Factual Background**

**A.    General Case Background**

On September 17, 2024, Plaintiff filed its Complaint for Breach of Credit Agreement, Breach of Guaranty Agreement, Breach of Forbearance Agreement, Judicial Foreclosure, Specific Performance, Appointment of Receiver, Replevin, and Injunctive Relief (the "Complaint") [Dkt. 1] asserting certain causes of action against Touchstone, among other defendants.  On September 20, 2024, Plaintiff filed an Ex Parte Motion for Order Appointing Receiver, Temporary Restraining Order, and Order to Show Cause why a Preliminary Injunction Should Not Issue [Dkt. 16] seeking to appoint David Stapleton as receiver of Touchstone's assets and operations.

On September 27, 2024, Plaintiff and Touchstone stipulated to the appointment of a receiver, subject to the terms and conditions set forth in an agreed proposed form of order (the "Stipulation") [Dkt. 31].  The Stipulation notes Plaintiff and Touchstone agreed to the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Receivership Order.

4

appointment of Receiver because both parties "recognize the value in minimizing the cost and uncertainty of litigation, as well as maximizing the value of the assets that are in dispute as a result of the Complaint." *Id.* at ¶ 5.

### B. The Receivership Order

On September 28, 2024, the Court entered the Receivership Order, finding "[g]ood cause exists for the appointment of a receiver in order to maximize the recovery to creditors through the orderly sale of the assets of defendant Touchstone, and collection of obligations owed to Touchstone." Receivership Ord. at ¶ C. Among other things, the Receivership Order authorized Receiver to "employ a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of [the Receivership] Order." *Id.* at ¶ 33. The Receivership Order further provided, "Compensation to Receiver's Counsel shall be based on an hourly rate not to exceed $600.00 per hour, subject to annual adjustment upon notice to the parties. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership estate. The attorneys' fees and cost incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver in accordance with paragraph 32 of [the Receivership] Order." *Id.*

The Receivership Order also expressly provided that "Receiver, or any party to this action, may from time to time, and on due notice to all parties, make application to the Court for further orders instructing said Receiver or expanding the Receiver's authority." *Id.* at ¶ 26.

### C. The Parties' Discussions Regarding the Relief Requested

Shortly after the Court entered the Receivership Order, the Receiver sought to employ Proposed Counsel to serve as Receiver's Counsel in this matter. Stapleton Aff. at ¶ 7; Dunn Aff. at ¶ 3. However, Proposed Counsel informed the Receiver that its attorneys' standard hourly billing rates exceed the $600.00 per hour rate cap set forth in paragraph 33 of the Receivership Order (the "Rate Cap").[2] Dunn Aff. at ¶ 3. Nonetheless, to accommodate the Receiver's request and assist in this matter, Proposed Counsel agreed to provide services to the Receiver at a

---

[2] For instance, the standard hourly rate for proposed lead counsel, Mr. Dunn, is approximately two and a half times higher than the $600 per hour Rate Cap set forth in the Receivership Order. Dunn Aff. at ¶ 3.

discounted flat rate of $975 per hour if Plaintiff and Touchstone both agreed to such arrangement notwithstanding the existing Rate Cap. *Id*. at ¶ 4.

On October 1, 2024, Proposed Counsel spoke with counsel for Plaintiff and counsel for Touchstone regarding the proposed modification of the Rate Cap to allow the Receiver to engage and compensate Proposed Counsel at the $975 per hour capped flat rate. *Id.* at ¶ 5.  On October 2, 2024, Touchstone's counsel confirmed to Proposed Counsel by telephone that its client was agreeable to the requested modification of the Rate Cap. *Id.* at ¶ 6.  On October 9, 2024, Plaintiff's counsel confirmed by email to Proposed Counsel that Plaintiff was agreeable to the requested modification of the Rate Cap. *Id*. at ¶ 7.

Based on the Parties' verbal agreements, Proposed Counsel began performing services for the Receiver. *Id.* at ¶ 8.  Proposed Counsel also prepared a stipulation and proposed order to modify the Rate Cap accordingly. *Id*.  Plaintiff's counsel agreed to the stipulation and proposed order on October 16, 2024 and sent the same to Touchstone's counsel for review on October 18, 2024. *Id.* at ¶ 9.

For several weeks thereafter, Plaintiff's counsel and Proposed Counsel attempted to obtain Touchstone's counsel's approval on the proposed stipulation and order. *Id.* at ¶ 10.  Touchstone provided no objection to or comment on the proposed stipulation or order, but did not provide Touchstone's consent, notwithstanding Touchstone's prior verbal agreement to the same. *Id.* at ¶ 11.  Instead, on October 31, 2024, Touchstone's counsel informed Proposed Counsel that Touchstone was not in a position to enter into the stipulation. *Id*.  That same day, Proposed Counsel informed Touchstone's counsel by phone that Receiver would be bringing an application seeking the relief set forth in the stipulation, and Touchstone's counsel confirmed to Proposed Counsel that Touchstone "takes no position" with respect to such relief. *Id.*  On November 6, 2024, Proposed Counsel advised Touchstone's counsel via email that the ex parte Application would be filed the following day. *Id.*

JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL
Case No.: 1:24-1105-KES-SAB

### III.   Argument

#### A.   Good Cause Exists to Enter a Further Order Authorizing the Receiver to Engage and Compensate Proposed Counsel

In the Receivership Order, the Court authorized the "Receiver, or any party to this action" to "make application to the Court for further orders instructing said Receiver or expanding the Receiver's authority." Receivership Ord. at ¶ 26. Here, the Receiver seeks authority to engage and compensate his preferred choice of counsel in this matter, notwithstanding the Rate Cap that had previously been approved in the stipulated Receivership Order.

The Receiver anticipates the issues in this case will require the services of qualified, experienced counsel to ensure the Receiver can discharge his duties of preserving, managing and maximizing the value of the Receivership Property. Stapleton Aff. at ¶ 3. Touchstone's assets and operations are but one piece of a larger enterprise of companies and operations owned by the Assemi family. *Id.* at ¶ 4. The other entities in that enterprise have commercial relationships with Touchstone and are now subject to various related lawsuits, with multiple other receivers appointed by this Court in those cases.[3] *Id.* In addition, administration of the Receivership Property will require the Receiver to manage potential lien disputes among competing creditors, including asserted producer's liens by pistachio growers in pending state court litigation. *Id.* at ¶ 5. Finally, disposition of the Receivership Property will require assessment and potential pursuit of litigation against third parties, management of multiple sales processes for crop inventory, equipment and processing facilities, and potential coordination with multiple receivers and lenders who may claim rights in the proceeds. *Id.* at ¶ 6. For these reasons, the Receiver sought to engage Proposed Counsel, a full-service law firm with deep experience in insolvency

---

[3] *See Prudential Ins. Co. of Am. v. ACDF, LLC*, Case No. 1:24-cv-01105-KES-SAB (E.D. Cal.); *Metro. Life Ins. Co. v. FNF Farms, LLC*, Case No. 1:24-cv-01226-KES-SAB (E.D. Cal.); *Metro. Life Ins. Co. v. C & A Farms, LLC*, Case No. 1:24-cv-01230-KES-SAB (E.D. Cal.); *Metro. Life Ins. Co. v. Maricopa Orchards, LLC*, Case No. 1:24-cv-01231-KES-SAB (E.D. Cal.); *Brighthouse Life Ins. Co. v. Kamm South, LLC*, Case No. 1:24-cv-01232-KES-SAB (E.D. Cal); *Brighthouse Life Ins. Co. v. Manning Ave. Pistachios, LLC*, Case No. 1:24-cv-01233-KES-SAB (E.D. Cal.); *Brighthouse Life Ins. Co. v. ACDF, LLC*, Case No. 1:24-cv-01235-KES-SAB (E.D. Cal.); *MetLife Real Est. Lending, LLC v. Panoche Pistachios, LLC*, Case No. 1:24-cv-01241-KES-SAB (E.D. Cal.); *HBK Metro. Life Ins. Co. v. ACDF, LLC*, Case No. 1:24-cv-01261-KES-SAB (E.D. Cal.).

matters, corporate dispositions, agribusiness, litigation and other relevant practice areas. *Id.* at ¶ 7.

Here, Receiver, Plaintiff, and Touchstone previously agreed to adjustment of the Rate Cap to allow the Receiver to retain and compensate Proposed Counsel as Receiver's Counsel. Dunn Aff. at ¶¶ 4–9. By this Application, Plaintiff and Receiver merely seek to effectuate the Parties' agreement. Specifically, the Moving Parties seek an order that, notwithstanding Paragraph 33 of the Receivership Order, the Receiver may employ and compensate Proposed Counsel as Receiver's Counsel (as defined in the Receivership Order), on the terms set forth therein, but at an hourly rate cap of $975.00 per hour instead of $600.00 per hour.

### B.    Ex Parte Relief is Appropriate

Plaintiff and Receiver respectfully submit that the Court should grant the requested relief on an ex parte basis, because this Application satisfies the Court's requirements for consideration of such relief.

Pursuant to Section III of the Standing Order, a filer of an ex parte application must: (i) contact the courtroom deputy and the opposing parties prior to filing to advise them that the filing is being made; (ii) indicate whether an objection will be filed; and (iii) submit an affidavit explaining (1) the need for the issuance of an order on an ex parte basis, (2) the inability of the filer to obtain a stipulation for the issuance of such order other counsel or parties in the action, and (3) why such request cannot be noticed on the Court's calendar pursuant to Local Rule 230. The Stapleton Affidavit and Dunn Affidavit are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively. As set forth in the Stapleton Affidavit and Dunn Affidavit:

(i)    Proposed Counsel advised both counsel for Touchstone[4] and the courtroom deputy on November 6, 2024 and November 7, 2024, respectively, that the Moving Parties would be filing the Application seeking ex parte relief. Dunn Aff. at ¶¶ 11–12.

(ii)    On information and belief, an objection to the Application will not be filed. *Id.* at ¶ 11.

---

[4] Touchstone's counsel is also counsel for various other Defendants in this action. Plaintiff is not aware of any counsel for the defendants not represented by Touchstone's counsel.

(iii)    Expeditious entry of a further order expanding and clarifying Receiver's authority to compensate Receiver's Counsel, which the Parties have agreed to in principle, is vital and already long overdue—Receiver's Counsel have been providing critical services to Receiver in the face of significant uncertainty for the past month.  Stapleton Aff. at ¶ 8.  The Receiver promptly notified Plaintiff and Touchstone of his request to modify the Rate Cap within days after entry of the Receivership Order.  Dunn Aff. at ¶ 5.  Soon thereafter, the Parties had reached an agreement in principle and both the Receiver and Plaintiff had agreed upon a stipulation and form of order.  *Id.* at ¶¶ 6–9.  Despite the Parties' agreement, Touchstone has failed to sign off on the proposed stipulation.  *Id.* at ¶ 11.  A pleading noticed on the Court's calendar pursuant to Local Rule 230(b) ordinarily will not be heard until at least thirty-five (35) days after service and filing of the pleading.  L.R. 230(b).  This Court's next scheduled hearing date at least thirty-five (35) days from the date of this filing is December 16, 2024.  Such a delay in clarifying the Receiver's authority to compensate Proposed Counsel on the agreed terms would impede Receiver's ability to effectively discharge his duties.  The Receiver regularly relies on the advice and assistance of counsel in his efforts to preserve, protect, and maximize the value of the Receivership Property, and Proposed Counsel cannot reasonably be expected to continue operating with uncertainty for an additional 39 days.  *See* Stapleton Aff. at ¶¶ 3, 8–9.

**IV.    Conclusion**

Entry of a further order authorizing the Receiver to engage and compensate Proposed Counsel at the increased hourly rate cap in accordance with the procedures set forth in the Receivership Order, notwithstanding the provisions of Local Rule 232(g), is necessary and appropriate to effectuate the Parties' agreement and for the good cause set forth above.  This Application otherwise satisfies the Court's requirements for ex parte relief.  As such, the Moving Parties respectfully request this Court accept this Application and enter an order, on an ex parte basis, in the form attached hereto as **Exhibit 3**.

JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL
Case No.: 1:24-1105-KES-SAB