Exhibit 1

JOHN D. FREED (State Bar No. 261518)
jakefreed@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
mattladew@dwt.com
MARK A. ANISHCHENKO (State Bar No. 340324)
markanishchenko@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

JOSEPH VANLEUVEN (*admitted pro hac vice*)
joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10$_{th}$ Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 778- 325

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| U.S. BANK NATIONAL ASSOCIATION, | Case No. 1:24-cv-01105-KES-SAB |
|---|---|
| Plaintiff, | **AFFIDAVIT OF DAVID P. STAPLETON IN SUPPORT OF JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL** |
| vs. | |
| TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC, | Action Filed: September 17, 2024 |
| Defendants. | |

1

I, David P. Stapleton, declare as follows:

1.    I am the Court-appointed receiver (the "Receiver") of the assets and operations of Touchstone Pistachio Company, LLC ("Touchstone") in the above-captioned matter.  I make this declaration (the "Affidavit") in support of the *Joint Ex Parte Application of Plaintiff U.S. Bank National Association and Receiver David Stapleton for Further Order Regarding Receiver's Authority to Engage and Compensate Receiver's Counsel* filed concurrently herewith (the "Application").  Capitalized terms not defined herein shall have the meanings ascribed to them in the Application and Memorandum of Points and Authorities in support thereof.

2.    The Court executed the order appointing me as Receiver on September 28, 2024 (the "Receivership Order"). [Dkt. 32]

3.    I anticipate the issues in this case will require the services of qualified, experienced counsel to ensure I can discharge my duties, as Receiver, of preserving, managing and maximizing the value of the Receivership Property (as defined in the Receivership Order) for several reasons.

4.    First, Touchstone's assets and operations are but one piece of a larger enterprise of companies and operations owned by the Assemi family.  The other entities in that enterprise have commercial relationships with Touchstone and are now subject to various related lawsuits, with multiple other receivers appointed by this Court in those cases.

5.    In addition, administration of the Receivership Property will require me to manage potential lien disputes among competing creditors, including asserted producer's liens by pistachio growers in pending state court litigation.

6.    Finally, disposition of the Receivership Property will require assessment and potential pursuit of litigation against third parties, management of multiple sales processes for crop inventory, equipment and processing facilities, and potential coordination with multiple receivers and lenders who may claim rights in the proceeds.

7.    For these reasons, shortly after my appointment as Receiver, I sought to engage Covington & Burling LLP ("Proposed Counsel"), a full-service law firm with deep experience in insolvency matters, corporate dispositions, agribusiness, litigation and other relevant practice

areas. However, I was informed that the standard hourly rates for Proposed Counsel exceeded the hourly rate cap for Receiver's Counsel (as defined in the Receivership Order) set forth in paragraph 33 of the Receivership Order (the "Rate Cap"). After further discussions with Proposed Counsel, the firm agreed to represent me as Receiver in this matter at a discounted flat hourly rate of $975 per hour, subject to Plaintiff and Touchstone's agreement to modify the Rate Cap.

8.  I understand Proposed Counsel subsequently obtained the agreement of Plaintiff and Touchstone to modify the Rate Cap, and based on that agreement, Proposed Counsel has been providing services to me as Receiver since early October 2024, including fielding and engaging in numerous communications and legal discussions with counsel for various creditors of Touchstone.

9.  I anticipate I will need for Proposed Counsel's services consistently throughout this matter to preserve, protect, and maximize the value of the Receivership Property, and believe any further delay in confirming the modification of the Rate Cap would be unreasonable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Affidavit was executed on this 7th day of November, 2024 at Los Angeles, California.

_____
David P. Stapleton

AFFIDAVIT OF DAVID P. STAPLETON IN SUPPORT OF JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL
Case No.: 1:24-1105-KES-SAB