# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**[PROPOSED] ORDER GRANTING JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL**<br><br>Action Filed: September 17, 2024 |

Upon due consideration of the Joint Ex Parte Application of Plaintiff U.S. Bank National Association and Receiver David Stapleton for Further Order Regarding Receiver's Authority to Engage and Compensate Receiver's Counsel (the "Application")[1] and the affidavits of David Stapleton and Joseph Dunn in support thereof, the Court hereby finds that:

A.   On September 28, 2024, the Court entered an Order Appointing Receiver in the above-captioned matter at Dkt. 32 (the "Receivership Order").

B.   Paragraph 33 of the Receivership Order, as entered, authorized the Receiver to employ and compensate Receiver's Counsel at a maximum hourly rate, subject to the conditions of other provisions of the Receivership Order.

C.   Good cause exists to enter a further order that authorizes the Receiver to engage and compensate Proposed Counsel at an increased hourly rate cap in accordance with the procedures set forth in the Receivership Order, notwithstanding the provisions of Local Rule 232(g) and Paragraph 33 of the Receivership Order.

Having found the foregoing,

**IT IS ORDERED:**

1.   Notwithstanding anything to the contrary in Paragraph 33 of the Receivership Order:

   a. The Receiver may employ a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this Order. Compensation to Receiver's Counsel shall be based on an hourly rate not to exceed $975.00 per hour, subject to annual adjustment upon notice to the parties.

   b. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership estate. The attorneys' fees and costs incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver and his

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

professionals in accordance with paragraph 32 of the Receivership Order, notwithstanding the provisions of Local Rule 232(g).

    c. The Receivership Order constitutes authorization of employment of Receiver's Counsel, within the meaning of Local Rule 232(g), and no further application or motion for such employment need be made by the Receiver.

2. All other terms and conditions of the Receivership Order shall remain in full force and effect.

**IT IS SO ORDERED.**

Dated: _____

                                                    UNITED STATES DISTRICT JUDGE

3

[PROPOSED] ORDER GRANTING JOINT EX PARTE APPLICATION OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION AND RECEIVER DAVID STAPLETON FOR FURTHER ORDER REGARDING RECEIVER'S AUTHORITY TO ENGAGE AND COMPENSATE RECEIVER'S COUNSEL
Case No.: 1:24-1105-KES-SAB