Theodore W. Hoppe, #138064
tad@hoppe-law.com
**HOPPE LAW**
A PROFESSIONAL LAW OFFICE
680 W. Shaw Avenue, Suite 207
Fresno, California 93704
Telephone: (559) 241-7070
Facsimile: (559) 241-7212
*Service Email:* service@hoppe-law.com

Attorneys for Third Party Growers, COLEMAN LAND CO., LLC; FIRESTONE FARMS, LLC; HURON NUTS LLC; PORTERVILLE NUTS LLC; PAT HENRY; NORAG NUTS LLC; SLO NUTS LLC; and THE ROBERT P. SCHOETTLER AND JOAN C. SCHOETTLER REVOCABLE TRUST

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVNEUE INVESETMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | **CASE NUMBER: 1:24-cv-01105-KES-SKO**<br><br>**OPPOSITION TO RECEIVER'S MOTION FOR FURTHER ORDER REGARDING AUTHORITY TO SELL CROP INVENTORY OF THIRD PARTY GROWERS WHO ASSERT PRODUCER'S LIENS UNDER FOOD AND AGRICULTURAL CODE SECTION 55631**<br><br>**[Filed concurrently with the Declaration of Theodore W. Hoppe]**<br><br>Action Filed : September 17, 2024 |

99012 OPPOSITION TO RECEIVER'S MOTION RE AUTHORITY TO SELL CROP INVENTORY

The following Opposition to Receiver's Motion for Further Order Regarding Authority to Sell Crop Inventory is filed by Third Party Growers, COLEMAN LAND CO., LLC; FIRESTONE FARMS, LLC; HURON NUTS LLC; PORTERVILLE NUTS LLC; PAT HENRY; NORAG NUTS LLC; SLO NUTS LLC; and THE ROBERT P. SCHOETTLER AND JOAN C. SCHOETTLER REVOCABLE TRUST (hereinafter collectively referred to as "Third Party Growers").

## I. Introduction

The above Third Party Growers provided TOUCHSTONE PISTACHIO COMPANY, LLC ("Touchstone") with pistachios in 2023 and 2024. There are two categories of payments that are owed to the Third Party Growers, first of which arises from bonus payments from the 2023 crop, which is pursuant to contract, and for payment for crop delivered in 2024.

Producer's liens are asserted on the 2023 and 2024 crops and crop proceeds pursuant to Food and Agricultural Code section 55631. The Third Party Growers have had conversations with the Receiver's counsel regarding our assertion of said liens and correspondence has been exchanged.

State Court lawsuits have been filed seeking a return of the crop held by Touchstone or payment of the proceeds owed under the contract. These lawsuits assert producer's liens under California Food and Agricultural Code section 55631. The Third Party Growers have agreed to stay the following lawsuits under this court prior order (the "State Court Actions"):

- *Coleman Land Co., LLC vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04115;
- *Firestone Farms, LLC vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04189;
- *The Robert P. Schoettler and Joan C. Schoettler Revocable Trust vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04188;
- *Porterville Nuts LLC vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04254;
- *Huron Nuts LLC vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04252;
- *SLO Nuts LLC vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04248;
- *Norag Nuts LLC vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04249; and
- *Pat Henry vs. Touchstone Pistachio Company, LLC,* Case No. 24CECG04472

///



Coleman Land Co., LLC ("Coleman") demanded that the crop held by Touchstone for the 2024 crop year be returned. Specifically, Coleman's 236,305 pounds of pistachios was in the process of being removed from Touchstone when the Receiver stopped the shipment.

Additionally, the Third Party Grower, The Robert P. Schoettler and Joan C. Schoettler Revocable Trust ("Schoettler") delivered 63,230 pounds of product to Touchstone in 2024, and a request is being made for return of this product as well.

Per discussions with the Receiver's counsel, these requests have been denied. The Receiver contends that it is in its best interest for the product to be sold and not returned to the growers.

Here, Coleman and Schoettler request that their 2024 crops be returned pursuant to the producer's liens and that any other crop proceeds be held in trust for the Third Party Growers for the bonus payments owed for the 2023 crop year. Finally, the Third Party Growers do not agree that the Proposed Order should relieve the Receiver of its responsibilities and/or duties to the Third Party Growers pursuant to California producer's lien law.

## II. California Producer's Liens Are Applicable to the 2023 and 2024 Crops.

Counsel for the Receiver and the Third Party Growers have had discussions concerning the applicability of the statutory liens in this matter. Receiver's counsel has asserted that the contracts have a clause which waives producer's liens. But California law is clear that producer lien waivers can only be granted in limited circumstances, and they must be strictly complied with by the party seeking the waiver. There is a strong public policy in favor of producer's liens because of the unequal bargaining power of the farmer and producer as it relates to the sale of the farmer's goods.

Under California law, a producer's lien cannot be waived merely by contract. Rather, a producer's lien can only be waived under strict compliance with the Food and Agricultural Code. Food and Agriculture Code section 55639 holds that waivers of producer's liens can only be effective when once of the following occurs:

1. By paying the agreed or actual value of any farm product within 20 days of delivery;
2. By depositing a surety bond for the value of the product with the Director of Agriculture;
3. By depositing cash -- in the amount of the product with the Director of Agriculture;

4. By designating, setting apart, and depositing in a public warehouse a quantity of any processed farm products and indorsing over to the Director of Agriculture and delivering to him the warehouse receipt for such products; and

5. By securing a release from the Director of Agriculture after payment in full of such farm product.

Here, Touchstone did not secure a release of the producer's lien by complying with California Food and Agricultural Code section 55639. Therefore, the waiver clause contained in the contract is void and against public policy. (See *Silva Farms v. Wells Fargo Bank, N.A.* (N.D. Cal. 1996) 202 B.R. 140; *Wells Fargo HSBC Trade Bank v. Sun Valley Nut No. 625050* ((Cal. Super. Ct. Stanislaus County June 25, 2009).) By analogy, the courts which have addressed this issue, and other areas of lien law have held that contractual terms do not trump the Civil Code unless the lien release follows the strict guidelines set forth by the statutory scheme. (See Civ. Code, § 8122; *Wm. R. Clarke Corp. v. Safeco Ins. Co.* (1997) 15 Cal.4th 882 [the Supreme Court held that under the statutory protection for liens, contractors cannot waive their mechanic's lien rights except under specific circumstances].) Thus, any efforts to circumvent California Food and Agricultural Code section 55631, without obtaining the appropriate statutory waiver under California Food and Agricultural Code section 55639, is invalid and inconsistent with the statutory scheme for producer's liens.

Based on the foregoing, any effort made by the Receiver to obtain an order extinguishing its liability to the Third Party Growers is invalid and inconsistent with the statutory scheme for producer's liens. The Third Party Growers have asserted producer's liens and the Receiver has concluded that it intends to sell the inventory and hold the proceeds in trust. By this objection, the Third Party Growers request that the 2024 crops be returned to Mr. Coleman and Mr. Schoettler and that the producer's liens be honored for the bonuses under the 2023 contracts.

### III. Conclusion

The California Legislature has placed a high priority over producer's liens as a result of the unequal bargaining power between farmers and processors. Farmers are required to wait for a significant amount of time to receive payment from the processor. As a result, they are placed at a risk of not getting paid for crops which they put significant front costs into and take over a year to



grow. Thus, the Legislature has placed strict guidelines on when a producer's lien waiver is valid. Here, the producer's lien waivers in the contracts do not trump California Food and Agriculture Code section 55639. Before a waiver is valid, there must be strict compliance with the California Food and Agricultural Code section 55631 and 55639. The present circumstance is precisely why the Legislature placed very strict guidelines on producer's liens to protect farmers from getting embroiled in complicated financial transactions between large processors and their financial institutions.

Thus, the producer's liens must be honored and the 2024 crop should be returned.

DATED: December 9, 2024

HOPPE LAW

By:   /s/ Theodore W. Hoppe
Theodore W. Hoppe
Attorneys for Third Party Growers,
COLEMAN LAND CO., LLC;
FIRESTONE FARMS, LLC; HURON
NUTS LLC; PORTERVILLE NUTS
LLC; PAT HENRY; NORAG NUTS
LLC; SLO NUTS LLC; and THE
ROBERT P. SCHOETTLER AND
JOAN C. SCHOETTLER
REVOCABLE TRUST