UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**ORDER AMENDING RECEIVERSHIP ORDER**<br><br>Docs. 32, 61<br><br>Hearing:<br>Date:      December 17, 2024<br>Time:      1:30 p.m. PT<br>Location:  Courtroom 6, 7th floor<br>           2500 Tulare Street<br>           Fresno, CA  93721<br>Judge:     Hon. Kirk E. Sherriff<br><br>Action Filed: September 17, 2024 |

Upon due consideration of Receiver David P. Stapleton's Notice of Motion and Motion for Further Order Regarding Authority to Sell Crop Inventory (the "Motion"),[1] the declarations of David Stapleton in support thereof, all responses thereto and replies in support thereof, if any, and the arguments of counsel at the hearing regarding the Motion, the Court hereby finds that:

A.  On September 28, 2024, the Court entered an Order Appointing Receiver in the above-captioned matter at Doc. 32 (the "Receivership Order").

B.  The Receivership Order authorizes the Receiver to sell or otherwise liquidate or dispose of any or all of the Inventory by public or private sale or such other method as deemed appropriate by the Receiver exercising business judgment, subject to certain terms and procedures set forth therein.

C.  Good cause exists to enter a further order that confirms, clarifies or expands, as applicable, the Receiver's authority under the Receivership Order to liquidate Inventory in the manner he has determined or may determine will maximize the value of that Receivership Property.

Having found the foregoing,

**IT IS ORDERED:**

1.  Notwithstanding the Sale Conditions in Paragraph 3 of the Receivership Order, the Receiver is authorized to enter into and consummate sales of Inventory on terms that do not adhere to such Sale Conditions.

2.  Notwithstanding the Aggregate Price Cap in Paragraph 3(e) of the Receivership Order, the Receiver is authorized to enter into and consummate sales of Inventory on terms determined by the Receiver in his business judgment to maximize value, subject only to Plaintiff's consent, regardless of whether such sale is below, at or above the Aggregate Price Cap.

3.  In the event the Receiver, with the consent of Plaintiff, seeks to enter into a sale of Inventory that is (i) not consistent with and within the scope of Touchstone's past commercial customs and practices, or (ii) at a sale price that is five percent (5%) or more below current market pricing for products of a similar quality:

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

       a.       The Receiver shall give seven (7) calendar days' notice of such sale and the terms thereof ("Notice of Sale") by electronic mail to counsel for the following parties in interest: the Guarantor Parties,[2] and the Prudential Receiver;[3]

       b.       In the event such a party objects to the proposed terms of sale, and such party attempts but cannot resolve such objection through good faith meet and confer with the Receiver, that party must file notice of such objection on or before five (5) calendar days after receipt of a Notice of Sale ("Objection Notice");

       c.       The Receiver may in his discretion seek authorization from the Court to proceed with the sale, including seeking relief on an expedited basis, notwithstanding the Objection Notice; and

       d.       In the event such a party fails to file an Objection Notice by the deadline in paragraph 3(b) above, such party shall be deemed to have consented to the sale set forth in the Notice of Sale.

4.       Concurrent with filing each monthly report pursuant to paragraph 37 of the Receivership Order, the Receiver shall provide the Prudential Receiver and the Guarantor Parties with a chart summarizing Inventory sales for the subject month, including for each sale the gross purchase price of such sale, the crop year(s) sold, the pounds of crop sold, and any relevant quality metrics. The Receiver will confer with the Prudential Receiver and the Guarantor Parties regarding any requests by the Prudential Receiver and the Guarantor Parties for further information regarding such sales.

---

[2] The term "Guarantor Parties" shall mean the following: Ashlan & Hayes Investments, LLC; Darius Assemi; Farid Assemi; Farshid Assemi; Assemi Brothers, LLC; Darius Assemi, as Trustee of the Amended and Restated Darius Assemi Revocable Trust; Farid Assemi, as Trustee of the Amended and Restated Farid Assemi Revocable Trust, dated January 24, 2007; Farid Assemi, as Trustee of the Farshid Assemi 1997 Ranch Trust dated June 30, 1997; Farshid Assemi, Co-trustee of the Amended and Restated Farshid Assemi and Sonia Rosemary Assemi Revocable Trust dated January 31, 2007; Farshid Assemi, Co-trustee of the Farid Assemi 1997 Ranch Trust dated June 30, 1997; Melissa Layne, as Trustee of the Farshid and Sonia Assemi 2010 Grantor Trust, dated December 30, 2010; Neema Assemi, Co-trustee of the Farid Assemi 1997 Ranch Trust dated June 30, 1997; Neema Assemi, as Trustee of the Farid Assemi 2010 Grantor Trust, dated December 30, 2010; and Sonia Assemi, Co-trustee of the Amended and Restated Farshid Assemi and Sonia Rosemary Assemi Revocable Trust dated January 31, 2007.

[3] The term "Prudential Receiver" shall mean Lance Miller, in his capacity as receiver in that certain case entitled *The Prudential Insurance Company of America, et al., v. ACDF, et al.*, No. 1:24-cv-01102-KES-SAB (E.D. Cal.), or any successor trustee thereto.

5. All sales of Inventory authorized by the Court under the Receivership Order shall be free and clear of all liens, claims and encumbrances of the Growers, including any statutory Producer Liens, with all such liens (if any) to attach to the proceeds of such Inventory to the same extent, priority and validity as exist at the time of sale.

6. For purposes of clarity, (i) any liens of Yellow Hotel II LLC; Coleman Land Co., LLC; Firestone Farms LLC; Huron Nuts LLC; Porterville Nuts LLC; Pat Henry; Norag Nuts LLC; SLO Nuts LLC; and The Robert P. Schoettler and Joan C. Schoettler Revocable Trust; Costamagna Farms LLC; and Costamagna Farms No. 4 LLC; on product they delivered to Touchstone (or any other Inventory that has been commingled with such product) shall attach to the proceeds of sales of such product or Inventory to the same extent, priority and validity that existed at the time of sale, (ii) the proceeds of sales of such product or Inventory shall be sufficient to satisfy such liens in full, and (iii) any such proceeds shall be held by the Receiver and not disbursed without further order of the Court or as authorized in the Receivership Order.

7. The relief granted in this Order is effective as of the date of the Receiver's appointment.

8. To the extent of any inconsistency between the terms of this Order and the Receivership Order, the terms of this Order shall supersede. All other terms and conditions of the Receivership Order shall remain in full force and effect.

**IT IS SO ORDERED.**

IT IS SO ORDERED.

Dated:   December 17, 2024

_____
UNITED STATES DISTRICT JUDGE