# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**[PROPOSED] ORDER GRANTING RECEIVER DAVID P. STAPLETON'S MOTION FOR ORDER AUTHORIZING INTERIM DISBURSEMENT TO CERTAIN SECURED CREDITORS**<br><br>Hearing:<br>Date:        February 3, 2025<br>Time:       1:30 p.m. PT<br>Location:  Courtroom 6, 7th floor<br>               2500 Tulare Street<br>               Fresno, CA  93721<br>Judge:      Hon. Kirk E. Sherriff<br><br>Action Filed:  September 17, 2024 |

Upon due consideration of Receiver David P. Stapleton's Notice of Motion and Motion for Order Authorizing Interim Disbursement to Certain Secured Creditors (the "<u>Motion</u>"),[1] the declarations of David P. Stapleton in support thereof, all responses thereto and replies in support thereof, if any, and the arguments of counsel at the hearing regarding the Motion, the Court hereby finds that:

    A.    On September 28, 2024, the Court entered an Order Appointing Receiver in the above-captioned matter at Dkt. 32 (the "<u>Receivership Order</u>").

    B.    The Receivership Order permits the Receiver to expend the Receivership Property and proceeds thereof for specified authorized purposes, but otherwise provides that the Receiver is not permitted to disburse funds in his possession to creditors without further order of the Court.

    C.    The Receiver has established that the Secured Creditors have a priority right under applicable law to receive funds comprising the proposed Disbursement, which constitute the proceeds of the sale of certain pistachio crop delivered to Touchstone.

    D.    Other than the Secured Creditors, no other persons or entities have established a priority right senior to the Secured Creditors, including any statutory Producer Lien on the monies comprising the proposed Disbursement, which would entitle such persons or entities to receive any portion of the Disbursement.

    E.    The proposed Disbursement is fair and reasonable, and good cause exists to enter an order authorizing the Receiver to make the Disbursement to the Secured Creditors.

Having found the foregoing,

**IT IS ORDERED:**

    1.    The Motion is **GRANTED**. The Receiver is authorized to make the Disbursement to the Secured Creditors in the respective amounts set forth in the Motion and in accordance with the following priorities (i) first to THRT, Yellow Hotel and the Coleman Group, on account of their senior priority Producer Liens, and (ii) the remaining balance to U.S. Bank, in its capacity as administrative agent and collateral agent, on account of its liens under the Loan Documents.

    2.    Upon the Receiver's payment to THRT, Yellow Hotel and the Coleman Group of

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the amounts set forth in the Motion, any liens, claims or other obligations such parties may have or may assert against Touchstone or the Receivership Property, including without limitation any Producer Liens, shall be deemed fully satisfied, released and/or expunged.

3.  The amounts paid to U.S. Bank pursuant to this Order shall be applied to reduce the outstanding amounts owed to the Lenders by Touchstone under the Credit Agreement in accordance with the terms of the Loan Documents (the "<u>Initial Reduction</u>"), which Initial Reduction shall be reflected in any adjudication of the Defendants' liability to Plaintiff on the claims asserted against them in this action.

4.  The Court reserves exclusive jurisdiction with respect to all matters relating to or arising from or under this Order, including any matters related to the implementation, interpretation or enforcement of this Order.

**IT IS SO ORDERED.**

Dated: _____                            _____
                                                                                    UNITED STATES DISTRICT JUDGE