UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**ORDER GRANTING RECEIVER AND PLAINTIFF'S JOINT APPLICATION FOR ORDER CONFIRMING SCOPE OF RECEIVERSHIP PROPERTY**<br><br>(Doc. 106) |

Upon due consideration of Receiver and Plaintiff's Joint Ex Parte Application for (I) Order Scheduling Hearing on Shortened Time and (II) Order Confirming Scope of Receivership Property (the "Application"),[1] and the declarations of David P. Stapleton, Karen Boyer, and Joseph R. Dunn, Doc. 106; Defendants' Statement of Position and the declaration of John A. Bezmalinovic, Doc. 113; the Replies filed by the Receiver and by Plaintiff, Docs. 117, 118, & 120; and the arguments of counsel at the hearing regarding the Application, the Court hereby finds that:

A. On September 28, 2024, the Court entered an Order Appointing Receiver in the above-captioned matter at Doc. 32 (the "Receivership Order").

B. The definition of "Receivership Property" in Paragraph 2 of the Receivership Order does not identify with sufficient specificity and/or clarity certain real property owned by Touchstone which was intended to constitute Receivership Property and subject to the Receiver's possession, control, authority and mandate under the Receivership Order.

C. Good cause exists to enter an order confirming and clarifying that the DOT Property and Adjacent Property (as defined in the Application) constitute Receivership Property under the Receivership Order.

Having found the foregoing, **IT IS ORDERED**:

1. The Court confirms that the following real property owned by Touchstone, including all rights, fixtures, and appurtenances thereto and associated therewith, constitutes Receivership Property under the Receivership Order: the two contiguous parcels of real property legally described below and identified in the Tulare County assessor's map attached hereto as Exhibit A as Assessor's Parcel Numbers 319-130-25 and 319-130-26 (the "Subject Property"). The Subject Property is legally described as:

> **APNs 319-130-25 and 319-130-26:**
>
> The South Half of the Southeast Quarter of Section 2, Township 23 South, Range 26 East, Mount Diablo Base and Meridian in the County of Tulare, State of California, according to the Official Plat thereof.
>
> EXCEPTING, all oil, gas, minerals and other hydrocarbon substances herein and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

hereunder, as reserved by Sue-Mar Vineyards Co., Inc., a corporation, in Deed recorded March 4, 1953, in Book 1656, at Page 532, of Official Records, as Document No. 6931.

The above description is pursuant to the Certificate of Merger No. SVM 21-002, recorded on January 13, 2022 as Instrument No.2022-0002880 of Official Records in said County.

2. The Court further confirms that the Receiver shall have the exclusive right to possess the Subject Property and is authorized to sell or otherwise liquidate or dispose of the Subject Property in accordance with the terms of the Receivership Order.

3. The relief granted in this Order is effective as of the date of entry of the Receivership Order.

4. To the extent of any inconsistency between the terms of this Order and the Receivership Order, the terms of this Order shall supersede. All other terms and conditions of the Receivership Order shall remain in full force and effect.

IT IS SO ORDERED.

Dated:   February 3, 2025

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

