1  JOSEPH R. DUNN (State Bar No. 238069)
   jdunn@cov.com
2  JULIA PHILIPS ROTH (State Bar No. 324987)
   jphilipsroth@cov.com
3  COVINGTON & BURLING LLP
4  1999 Avenue of the Stars
   Los Angeles, California 90067-4643
5  Telephone: + 1 (424) 332-4800
   Facsimile: + 1 (424) 332-4749
6
7  Counsel for Receiver
   DAVID P. STAPLETON
8

9             UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

11

12 | U.S. BANK NATIONAL ASSOCIATION, | Case No. 1:24-cv-01105-KES-SAB
13 |              Plaintiff,
14 |        vs.                                | **RECEIVER'S FOURTH NOTICE OF INTENT TO COMPENSATE PROFESSIONALS**
15 | TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC, | Action Filed: September 17, 2024
                  Defendants.

TO ALL PARTIES OR THEIR COUNSEL OF RECORD, ALL CREDITORS HAVING LIENS, SECURITY INTERESTS OR OTHER INTERESTS ON OR IN THE RECEIVERSHIP PROPERTY, AND ALL OTHER PARTIES APPEARING IN THIS CASE:

PLEASE TAKE NOTICE that on September 30, 2024, the Court entered an order (the "Receivership Order") appointing David P. Stapleton as general receiver in this action (the "Receiver"), effective as September 28, 2024. Dkt. 32 at ¶ 1.[1] Among other things, the Receivership Order authorized the Receiver to employ a law firm as Receiver's legal counsel ("Receiver's Counsel") and employ The Stapleton Group as Receiver's agent ("Receiver's Agent") in this matter, in each case "as reasonably necessary to accomplish the purposes of [the Receivership] Order." *Id.* at ¶¶ 33–34. The Receiver has employed the Stapleton Group as Receiver's Agent and has employed Covington & Burling LLP as Receiver's Counsel.

PLEASE TAKE FURTHER NOTICE that the Receivership Order further authorizes the Receiver to compensate and reimburse reasonable expenses incurred by the Receiver, Receiver's Agent and Receiver's Counsel at the rates set forth in the Receivership Order[2] or Exhibit 2 to the Declaration of David Stapleton [Dkt. 18], as applicable, in accordance with the procedures set forth in the Receivership Order, including services of this notice (the "Notice"). Dkt. 32 at ¶¶ 27, 32–34.

PLEASE TAKE FURTHER NOTICE that the Receivership Order also authorized the Receiver to hire other professionals, including consultants, that he "determines in his reasonable discretion to be necessary to effectively market and sell" the Receivership Property or as he "deems necessary" to "administer the Receivership Property, assist the Receiver in his duties, and to protect the Receivership Property," and to compensate such professionals in accordance with the procedures set forth in the Receivership Order, including service of this Notice. *Id.* at ¶¶ 3–4, 32.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Receivership Order.

[2] On November 17, 2024, the Court signed a further order (the "Receivership Order Amendment") authorizing "the Receiver to engage and compensate his preferred counsel at an increased hourly rate cap of $975 in accordance with the procedures set forth in the Receivership Order, notwithstanding the provisions of Local Rule 232(g) and Paragraph 33 of the Receivership Order." Dkt. 53 at ¶ C.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraphs 27, 32, 33, and 34 of the Receivership Order, as amended by the Receivership Order Amendment, the Receiver intends to make payments to the Receiver, Receiver's Agent, and Receiver's Counsel in the following amounts, on account of the fees and expenses set forth in the attached and referenced exhibits:

- **David P. Stapleton, Receiver**: $47,355.00 of fees and $855.48 of expenses for the period of January 1, 2025 through January 31, 2025, and $196.55 of expenses for the period of December 1, 2024 through December 31, 2024 ($48,407.03 total). See **Exhibit A**; Dkt. 115, Ex. A.[3]

- **The Stapleton Group, Receiver's Agent**: $207,068.50 of fees and $24.62 of expenses for the period of January 1, 2025 through January 31, 2025, and $2,319.00 of fees and $117.03 of expenses for the period of December 1, 2024 through December 31, 2024 ($209,529.15 total). See **Exhibit B**; Dkt. 115, Ex. B.[4]

- **Covington & Burling LLP, Receiver's Counsel**: $284,152.50 of fees and $3,782.37 of expenses for the period of January 1, 2025 through January 31, 2025 ($287,934.87 total). See **Exhibit C**.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 32 of the Receivership Order, if you wish to object to the Receiver's intention to compensate professionals as set forth in this Notice, you must serve a written objection on the Receiver, through his undersigned counsel, stating the nature and scope of the objection within **ten (10) calendar days** of the filing and service of this Notice. If no party in interest objects by this deadline, the fees and expenses set forth in this Notice shall be deemed approved as being fully and finally earned without further order or leave of the Court.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 32 of the Receivership Order, only those portions of the fees and expenses that are the subject of a timely objection will be

---

[3] The *Receiver's Third Notice of Intent to Compensate Professionals* (the "Third Compensation Notice") [Dkt. 115] inadvertently listed the Receiver's expenses for the period of December 1, 2024 through December 31, 2024 as $3,457.46, rather than the $3,654.01 of expenses reflected in the invoice attached thereto as Exhibit A (a shortfall of $196.55).

[4] The Third Compensation Notice also inadvertently listed Receiver's Agent's fees and expenses for the period of December 1, 2024 through December 31, 2024 as $152,893.50 and $5,130.99, respectively, as opposed to the $155,212.50 of fees and $5,248.02 of expenses reflected in the invoice attached thereto as Exhibit B (shortfalls of $2,319.00 for fees and $117.03 for expenses).

1  withheld from payment until the objection is resolved, and all other portions of the fees and expenses will
2  be deemed approved without further order or leave of the Court.  If you serve a timely written objection,
3  you and the Receiver must first attempt to resolve the objection through negotiation.  If the objection
4  cannot be so resolved, you must file your objection in Court within **seven (7) days** after the date you
5  served the objection on the Receiver.  Unless otherwise agreed by the Receiver, any unresolved objection
6  not filed in Court by this deadline is deemed waived, and the fees and costs shall be deemed approved as
7  being fully and finally earned without further order or leave of the Court.

DATED: February 28, 2025

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Joseph R. Dunn*

Joseph R. Dunn (State Bar No. 238069)
jdunn@cov.com
Julia Philips Roth (State Bar No. 324987)
jphilipsroth@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Counsel for Receiver
DAVID P. STAPLETON