UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**ORDER AUTHORIZING RECEIVER DAVID P. STAPLETON TO (I) ENGAGE THREESIXTY ASSET ADVISORS, LLC AND PERRY VIDEX, LLC AS MARKETING AGENT FOR SELECT REMAINING EQUIPMENT AND (II) CONSUMMATE SALES OF SUCH EQUIPMENT**<br><br>Action Filed: September 17, 2024 |

Upon due consideration of the *Notice of Proposed Action of Receiver to Engage ThreeSixty Asset Advisors, LLC and Perry Videx, LLC as Marketing Agent for Select Remaining Equipment* (the "Notice"),[1] filed and served pursuant to paragraph 39 of the Receivership Order (defined below), and in the absence of any objections or other responses thereto, the Court hereby finds that:

A. On September 28, 2024, the Court entered an Order Appointing Receiver in the above-captioned matter at Dkt. 32 (the "Receivership Order").

B. The Receivership Order authorizes the Receiver to employ a marketing agent to sell the assets of Touchstone Pistachio Company, LLC ("Touchstone"), including the Assets, on contingency commission arrangement based on the close of any such sale, subject to Plaintiff's prior written consent and approval of the Court.

C. The Receivership Order authorizes the Receiver to sell equipment and other personal property outside the ordinary course of Touchstone's business, at a price more than the Aggregate Price Cap, with Plaintiff's prior written consent and approval of the Court.

D. The Receiver has represented that Plaintiff has provided its written consent to the Receiver's proposed action set forth in the Notice, and Plaintiff has filed no objection to such proposed action.

E. Good cause exists to enter an order authorizing the Receiver to engage Agent in accordance with the terms and conditions set forth in the Agent Services Agreement attached to this Order.

Having found the foregoing,

**IT IS ORDERED:**

1. The Receiver is authorized to engage Agent as marketing agent for the Assets in accordance with the terms and conditions set forth in the Agent Services Agreement, a copy of which is attached hereto as **Exhibit A** and incorporated by reference.

2. Notwithstanding the procedures for compensation of professionals set forth in

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Notice.

paragraph 32 of the Receivership Order, the Receiver is authorized to compensate and reimburse Agent in accordance with the terms of the Agent Services Agreement without filing and serving a notice of intent to compensate Agent.

3.  Notwithstanding the Aggregate Price Cap in Paragraph 3(e) of the Receivership Order, the Receiver is authorized to enter into and consummate sales of the Assets under the Agent Services Agreement on terms determined by the Receiver in his business judgment to maximize value, subject only to Plaintiff's prior approval, regardless of whether such sale is below, at or above the Aggregate Price Cap.

4.  The Court reserves exclusive jurisdiction with respect to all matters relating to or arising from or under this Order, including any matters related to the implementation, interpretation, or enforcement of this Order.

IT IS SO ORDERED.

Dated:   May 19, 2025

UNITED STATES DISTRICT JUDGE