UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>       Plaintiff,<br><br>  vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>       Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**ORDER GRANTING RECEIVER DAVID P. STAPLETON'S MOTION FOR ORDER (1) APPROVING FINAL REPORT AND ACCOUNTING, (2) AUTHORIZING FINAL DISBURSEMENTS OF CASH ON HAND, AND (3) AUTHORIZING WIND-DOWN TASKS, CLOSING RECEIVERSHIP CASE AND DISCHARGING RECEIVER** |

Upon due consideration of Receiver David P. Stapleton's Notice of Motion and Motion for Order (1) Approving Final Report and Accounting, (2) Authorizing Final Disbursements of Cash on Hand, and (3) Authorizing Wind-Down Tasks, Closing Receivership Case and Discharging Receiver (the "<u>Motion</u>"),[1] the declarations of David P. Stapleton in support thereof, all responses thereto and replies in support thereof, if any, the Court hereby finds that:

A.      On September 28, 2024, the Court entered an Order Appointing Receiver in the above-captioned matter at Dkt. 32 (the "<u>Receivership Order</u>").

B.      The Receivership Order authorized and directed the Receiver to take possession of and liquidate the Receivership Property, for the benefit of Plaintiff and other creditors, in accordance with the provisions of the Receivership Order and subsequent orders of the Court directing the Receiver's administration of the Receivership Property (collectively, the "<u>Orders</u>").

C.      The Receiver has established that he has fulfilled his duties under the Orders to the fullest extent possible, and that further administration of the receivership would not yield a net benefit to the receivership estate or its creditors.

D.      Any party wishing to object to the Motion was required to file a written objection by September 17, 2025.  No objections were filed, and the deadline to do so has passed.

E.      The Receiver has further established that good cause exists to approve the Final Report submitted by the Receiver, to authorize the Receiver to make the Final Disbursements (as defined in the Motion), to authorize the Receiver to complete any outstanding tasks necessary to wind-down and close the receivership, and to close the receivership and discharge the Receiver upon completion of those tasks.

Having found the foregoing,

**IT IS ORDERED:**

1.      The hearing on the Motion, currently set for October 14, 2025, is **VACATED**.

2.      The Motion is **GRANTED** and the Final Report is accepted and **APPROVED**.

3.      The Receiver is authorized to make the Final Disbursements to the creditors and in

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the amounts specified in the Motion and Final Report.

4. The Receiver is authorized to take such actions as are necessary to complete the outstanding wind-down and closing tasks identified in the Motion and Final Report, including, without limitation, paying the fees and expenses incurred by the Receiver and his Professionals on and after October 1, 2025, through the date of closing of the receivership, from cash on hand in the receivership estate, subject to an aggregate cap of $15,000 (the "Closing Fees and Expenses").

5. Upon completion of the wind-down and closing tasks identified in the Motion and Final Report, the Receiver shall file with the Court his Final Declaration attesting to completion of such tasks, the amount of any Closing Fees and Expenses paid by the Receiver, and the amount of the Final Disbursements.

6. Upon the Receiver filing the Final Declaration, the receivership will be deemed closed and the Receiver discharged and released of his duties to the fullest extent possible under applicable law, and the Receiver's bond exonerated.

7. Notwithstanding entry of this Order or closure of the receivership, all rights of Plaintiff and the Guarantors are expressly reserved with respect to the claims asserted by Plaintiff against the Guarantors and any defenses of the Guarantors thereto, including, without limitation, the determination of amounts allegedly recoverable by Plaintiff from the Guarantors.[2]

IT IS SO ORDERED.

Dated:   September 20, 2025   

_____
UNITED STATES DISTRICT JUDGE

---

[2] The term "Guarantors" has the meaning ascribed to it in Plaintiff's Complaint for Breach of Credit Agreement, Breach of Guaranty Agreement, Breach of Forbearance Agreement, Judicial Foreclosure, Specific Performance, Appointment of Receiver, Replevin and Injunctive Relief (Dkt. 1, "Complaint").

ORDER GRANTING RECEIVER DAVID P. STAPLETON'S MOTION FOR ORDER (1) APPROVING FINAL REPORT AND ACCOUNTING, (2) AUTHORIZING FINAL DISBURSEMENTS OF CASH ON HAND, AND (3) AUTHORIZING WIND-DOWN TASKS, CLOSING RECEIVERSHIP CASE AND DISCHARGING RECEIVER