JOSEPH R. DUNN (State Bar No. 238069)
jdunn@cov.com
JULIA PHILIPS ROTH (State Bar No. 324987)
jphilipsroth@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Counsel for Receiver
DAVID P. STAPLETON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br>**STIPULATION AND ORDER AUTHORIZING RECEIVER TO RECEIVE AND REMIT FUNDS AFTER CLOSURE OF RECEIVERSHIP**<br><br>Action Filed: September 17, 2024 |

**TO THE COURT, CLERK, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

David P. Stapleton, in his capacity as the Court-appointed receiver of the assets and operations of Touchstone Pistachio Company, LLC ("Touchstone") in the above-captioned matter (the "Receiver"), defendant Touchstone, and plaintiff U.S. Bank National Association ("U.S. Bank" or "Plaintiff"; together with the Receiver and Touchstone, the "Parties"), by and through their respective counsel of record, hereby represent and stipulate as follows:

1. On September 17, 2024, U.S. Bank commenced this action against Touchstone, among other defendants.

2. On September 27, 2024, U.S. Bank and Touchstone entered into a stipulation for entry of an order appointing a receiver and for entry of a preliminary injunction. Dkt. 31.

3. On September 30, 2024, the Court entered an order (the "Receivership Order")[1] appointing the Receiver as a general receiver in this matter, finding "[g]ood cause exists for the appointment of a receiver in order to maximize the recovery to creditors through the orderly sale of the assets of defendant Touchstone, and collection of obligations owed to Touchstone." Receivership Ord., Dkt. 32 at ¶ C.

4. On September 3, 2025, the Receiver filed a motion (the "Receivership Discharge Motion") seeking an order authorizing him to complete any outstanding tasks necessary to wind-down and close the receivership, including the disbursal of the entirety of the remaining cash on hand in the receivership estate to Plaintiff *after* payment of all accrued but unpaid administrative and operating expenses (collectively, the "Final Disbursements"), and thereafter closing the receivership and discharging and releasing the Receiver. Dkt. 239.

5. On September 22, 2025, the Court entered an order (the "Receivership Discharge Order") granting the Receivership Discharge Motion. Dkt. 248.

6. The Receivership Discharge Order provides that, upon completion of the wind-down and closing tasks identified in the Receivership Discharge Motion, the Receiver shall file with a final

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Receivership Order.

declaration (the "Final Declaration") with the court attesting to completion of such tasks, including the amount of the Final Disbursements. *Id.* at ¶ 5.

7. The Receivership Discharge Order further provides that "the receivership will be deemed closed and the Receiver discharged and released of his duties to the fullest extent possible under applicable law, and the Receiver's bond exonerated" upon the filing of the Final Declaration. *Id.* at ¶ 6.

8. The Receiver has completed substantially all of the wind-down and closing tasks identified in the Receivership Discharge Motion; however, the Receiver has not yet received certain refunds expected from the California State Treasurer's Office in the amount totaling approximately $17,870.81 (the "California Refunds"), which funds would otherwise be included in the Final Disbursements.

9. The Receiver understands that the California Refunds will be transmitted directly to the Receiver, but according to the California State Treasurer's Office, such payments may not be made until the end of November 2025 at the earliest.

10. The Receiver, Touchstone, and Plaintiff desire to authorize the Receiver to (i) proceed with closing the receivership prior to the Receiver's receipt of the California Refunds, (ii) deposit the California Refunds into the Receiver's account when received, notwithstanding prior closure of the receivership estate and discharge of the Receiver, and (iii) promptly remit the California Refunds to Plaintiff, with such funds applied towards the outstanding balance owed by Touchstone to Plaintiff.

11. As such, without prejudice or waiver to any claim, defense or argument that U.S. Bank, Touchstone, or any other defendants may have with respect to the Complaint, the Parties hereby stipulate to entry of the below [Proposed] Order Authorizing Receiver to Receive and Remit Funds After Closure of Receivership.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED: November 10, 2025 | COVINGTON & BURLING LLP |
| | By: /s/ *Joseph R. Dunn* |
| | Joseph R. Dunn (State Bar No. 238069) |
| | jdunn@cov.com |
| | Julia Philips Roth (State Bar No. 324987) |
| | jphilipsroth@cov.com |
| | COVINGTON & BURLING LLP |
| | 1999 Avenue of the Stars |
| | Los Angeles, California 90067-4643 |
| | Telephone: + 1 (424) 332-4800 |
| | Facsimile: + 1 (424) 332-4749 |
| | |
| | Counsel for Receiver |
| | DAVID P. STAPLETON |
| | |
| DATED: November 10, 2025 | DAVIS WRIGHT TREMAINE LLP |
| | John D. Freed |
| | Matthew E. Ladew |
| | Mark A. Anishchenko |
| | |
| | By: /s/ *John D. Freed (as authorized on 11/10/2025)* |
| | John D. Freed (State Bar No. 261518) |
| | jakefreed@dwt.com |
| | 50 California Street, 23rd Floor |
| | San Francisco, California 94111 |
| | Telephone: +1 (415) 276-6500 |
| | Facsimile: +1 (415) 276-6599 |
| | |
| | Attorneys for Plaintiff |
| | U.S. BANK NATIONAL ASSOCIATION |
| DATED: November 10, 2025 | WANGER JONES HELSEY PC |
| | By: /s/ *Riley C. Walter (as authorized on 11/10/2025)* |
| | Riley C. Walter (State Bar No. 91839) |
| | rwalter@wjhattorneys.com |
| | 265 E. River Park Circle, Suite 310 |
| | Fresno, California 93720 |
| | Telephone: +1 (559) 233-4800 |
| | |
| | Counsel for Defendant |
| | TOUCHSTONE PISTACHIO COMPANY, LLC |

**ORDER AUTHORIZING RECEIVER TO RECEIVE AND REMIT FUNDS AFTER CLOSURE OF RECEIVERSHIP**

The Court hereby finds that good cause exists to enter an order granting the Receiver express authority to deposit the California Refunds into his account when received and promptly thereafter remit such funds to Plaintiff, with such funds applied towards the outstanding balance owed by Touchstone to Plaintiff, notwithstanding the Receiver's prior closure of the receivership estate, discharge of the Receiver and exoneration of the Receiver's bond. Having found the foregoing,

**IT IS ORDERED:**

1. Notwithstanding anything to the contrary in the Receivership Discharge Order, the Receiver is hereby authorized to file the Final Declaration, and thereby close the receivership estate, prior to receipt and disbursement of the California Refunds to Plaintiff.

2. Notwithstanding prior closure of the receivership estate, discharge of the Receiver and exoneration of the Receiver's bond, the Receiver is hereby authorized to deposit the California Refunds in the Receiver's account when received and promptly thereafter remit such funds to Plaintiff, with such funds to be applied towards the outstanding balance owed by Touchstone to Plaintiff.

IT IS SO ORDERED.

Dated:   November 11, 2025                                 _____
                                                                                    UNITED STATES DISTRICT JUDGE

5
STIPULATION AND ORDER AUTHORIZING RECEIVER TO RECEIVE AND REMIT FUNDS AFTER CLOSURE OF RECEIVERSHIP