JOSEPH R. DUNN (State Bar No. 238069)
jdunn@cov.com
JULIA PHILIPS ROTH (State Bar No. 324987)
jphilipsroth@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Counsel for Receiver
DAVID P. STAPLETON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>                 Plaintiff,<br>      vs.<br><br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br>                 Defendants. | Case No. 1:24-cv-01105-KES-SAB<br><br><br>**FINAL DECLARATION OF DAVID P. STAPLETON, RECEIVER, REGARDING (1) COMPLETION OF WIND-DOWN TASKS, (2) FINAL DISBURSEMENTS OF CASH ON HAND, AND (3) CLOSING RECEIVERSHIP CASE**<br><br><br>Action Filed:  September 17, 2024 |

I, David P. Stapleton, declare as follows:

1. Prior to and through the filing of this declaration (the "Declaration"), I was the Court-appointed receiver (the "Receiver") of the assets and operations of Touchstone Pistachio Company, LLC ("Touchstone") in the above-captioned matter. I make this Declaration attesting to the completion of certain wind-down and closing tasks identified in *Receiver David P. Stapleton's Motion for Order (1) Approving Final Report and Accounting, (2) Authorizing Final Disbursements of Cash on Hand, and (3) Authorizing Wind-Down Tasks, Closing Receivership Case and Discharging Receiver* (the "Motion") [Dkt. 239], pursuant to the order granting the Motion entered by the Court on September 22, 2025 (the "Order") [Dkt. 248]. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or in the Order, as applicable.

2. I have completed each of the wind-down and closing tasks identified in the Motion and Final Report, as set forth herein.

3. First, I entered into an agreement with Assemi Group, Inc. ("AGI"), Touchstone, and Plaintiff for preservation of certain data and records of Touchstone that, in my business judgment, may be necessary for further business or litigation of Touchstone, including records pertaining to prior personnel and operations of Touchstone, and records necessary for preparing any required tax returns (the "Records Retention Agreement"). Attached hereto as **Exhibit A** is the Declaration of Custodian of Records of Assemi Group, Inc., executed in connection with the Records Retention Agreement, regarding AGI's obligation to preserve and maintain records under the Records Retention Agreement.

4. Second, on or about October 3, 2025, I made a disbursement of cash on hand in the amount of $46,462 to Nili Holdings, in full satisfaction of its producer lien claim, as set forth in the Motion and Final Report.

5. Third, on or about November 21 and November 26, 2025, I made disbursements of cash in hand to the Receiver, his agent (Stapleton Group) and his counsel (Covington & Burling LLP) in the aggregate amount of $15,000 on account of Closing Fees and Expenses incurred on and after October 1, 2025, as authorized in the Order, as follows: (i) $716 to the Receiver, (ii) $4,787 to Stapleton Group, and (iii) $9,497 to Covington & Burling LLP. For purposes of clarity, the actual fees and expenses incurred

by the Receiver, Stapleton Group and Covington & Burling LLP for services rendered on and after October 1, 2025 exceeded the amounts authorized for payment in the Order.

6.      Fourth, on or about November 21 and November 25, 2025, I made a disbursement of all other remaining cash on hand, after payment of all accrued but unpaid administrative and operating expenses, to Plaintiff in the aggregate amount of $205,764.44.

7.      Finally, on November 10, 2025, I filed a stipulation between the Receiver, Touchstone and Plaintiff [Dkt. 253] seeking authority to receive and disburse approximately $17,870.81 of funds I anticipate receiving after closure of the receivership (the "Post-Closure Disbursement"), with such funds applied by Plaintiff towards the outstanding balance owed by Touchstone to Plaintiff.  On November 12, 2025, the Court entered an order approving the stipulation and granted me the authority to make the Post-Closure Disbursement [Dkt. 254].

8.      Other than the Post-Closure Disbursement, I believe I have completed each of the wind-down and closing tasks identified in the Motion and Final Report, including the filing of this Declaration. Pursuant to paragraph 6 of the Order, the receivership is deemed closed upon filing this Declaration, I am discharged and released of my duties to the fullest extent possible under applicable law, and my bond is exonerated – in each case without further order of the Court.

9.      I am grateful for the Court's time, assistance and thoughtful consideration of the issues throughout this receivership case.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on this 26th day of November, 2025 in Solana Beach, California.


_____
David P. Stapleton

FINAL DECLARATION OF DAVID P. STAPLETON, RECEIVER, REGARDING (1) COMPLETION OF WIND-DOWN TASKS, (2) FINAL DISBURSEMENTS OF CASH ON HAND, AND (3) CLOSING RECEIVERSHIP CASE